IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIBRAIL MALIK MUHAMMAD,   )<br>    Plaintiff,  ) <br>                                                       )<br>v.                                                )<br>                                                       )<br>WILLIAM MINOR,              )<br>    Defendant.                    ) | CIVIL ACTION 12-123-KD-M |

**ORDER**

This matter is before the Court on Plaintiff Jibrail Malik Muhammad's motion for leave to proceed *in forma pauperis* and for appointment of counsel.[1]  (Doc. 2).  Plaintiff's motion is **GRANTED in part** and **DENIED in part**.  Specifically, upon review of the financial information provided by Plaintiff, the Court finds that Plaintiff is indigent and may therefore proceed *in forma pauperis*.  However, recognizing both that a civil plaintiff has no constitutional right to counsel and that the Eleventh Circuit has held that courts should appoint counsel only in "exceptional circumstances, such as where facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," see Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992), Plaintiff's request for counsel is **DENIED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's complaint and dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (2006); see also

---

[1]   Plaintiff initially filed his pro se "Petition for Remedies" in the Northern District of Alabama. (Doc. 1).  On February 10, 2012, the Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama transferred the case to the Southern District of Alabama along with 44 other apparently related actions that Plaintiff contemporaneously commenced in the Northern District.  (Doc. 3).  On March 7, 2012, the Clerk of Court assigned each of Plaintiff's 45 cases to the undersigned.

Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001) (dismissal under § 1915(e) is mandatory). Several principles guide the Court's inquiry. First is that, under 28 U.S.C. § 1915(e)(2)(B), "[a] claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Another is that, though a *pro se* litigant's allegations are to be construed liberally, the Court "will not serve as *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action." Johnson v. Wilbur, 375 F. App'x 960, 963 (11th Cir. 2010) (internal citation and quotation marks omitted).

In the preamble to his eight-page "Petition for Remedies," Plaintiff claims that he is entitled to relief (including $600,000,000 in damages) pursuant to, *inter alia*, the Civil Rights Acts of 1866 and 1871, Titles VI and VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Family Educational Rights and Privacy Act of 1974, Title IX of the Educational Amendments Act of 1972, the Equal Educational Opportunities Act of 1974, and the Rehabilitation Act of 1973. (Doc. 2 at 1 & 7). However, the body of the complaint sets forth no individual counts or claims or factual allegations concerning William Minor, the sole defendant in this action, that would plausibly entitle Plaintiff to relief. Indeed, the only allegations made concerning Mr. Minor are that 1) at sometime on or after August 6, 2009, Plaintiff told Mr. Minor that he desired to leave a meeting; and 2) Plaintiff made repeated telephone calls to Mr. Minor until Mr. Minor told Plaintiff to stop. (Id. at 5). Without more, there is no arguable merit to Plaintiff's claim against Defendant Minor.

In accordance with the foregoing, the Court finds that Plaintiff's action is frivolous, and it is **ORDERED** that, prior to service of process, this action be **DISMISSED with prejudice**.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, Judgment will be entered by separate document.

The Clerk of Court is **DIRECTED** to send a copy of this order to Plaintiff by U.S. Mail.

**DONE** and **ORDERED** this the **13th** day of **March 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**